UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF SOUTH DAKOTA, by and through Joseph D. Lowe, its State Wildland Fire Coordinator, South Dakota Department of Agriculture,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BLACK HILLS POWER, INC., a South Dakota corporation,<br><br>    Defendant. | CIV. 03-5020-KES<br><br><br><br><br><br>ORDER GRANTING MOTION TO COMPEL DISCOVERY |

Plaintiffs, United States of America and the State of South Dakota, move to compel discovery of weather station data collected by defendant, Black Hills Power, Inc. (BHP). BHP opposes the motion and contends the data is protected by the work product doctrine. The motion to compel discovery is granted.

## BACKGROUND

On June 29, 2002, a forest fire started near Lead and Deadwood, South Dakota. Both towns were evacuated. Over the course of several days, the "Grizzly Gulch" fire destroyed seven homes and 15 other buildings. It consumed over 11,000 acres of federal, state, and private land.

On February 4, 2003, the United States filed a complaint against BHP alleging negligence, trespass, and nuisance. The State of South Dakota moved to intervene on April 8, 2003, and the court granted the motion. BHP denied all allegations and attributed the fire to an act of God and/or other independent and intervening acts.

In the summer of 2003, counsel for BHP hired a consulting expert to set up weather monitoring stations in Grizzly Gulch, between power line structures S-15 and S-16. The parties believe that the fire started between structures S-15 and S-16. The consulting expert prepared a report, but he has not been designated as a witness for purposes of testifying at trial. The factual data generated from the remote weather stations was identified on the "Additional Materials Reviewed" list submitted by BHP's expert J. Craig Carter. The factual data was also identified on the "Materials Reviewed" list of BHP's expert Thomas Fee. And it was listed in Table 1 of the report of BHP's expert Dr. Phillip Krider. BHP's expert Margaret Sand testified that she saw the data from the remote stations between S-15 and S-16, but she did not remember the contents of the material. All four of these experts have been designated by BHP as testifying experts.

## DISCUSSION

Plaintiffs move to compel discovery of the weather station data. BHP refuses to disclose the weather station report on the grounds that it is

protected by the attorney work product privilege.[1]  This court applies federal law to work product claims.  <u>PepsiCo, Inc. v. Baird, Kurtz & Dobson, LLP</u>, 305 F.3d 813, 817 (8th Cir. 2002).  A party who argues that the privilege applies has the burden of proving such, while the party arguing waiver of said privilege carries the burden of persuasion on the waiver issue.  <u>Monsanto Co. v. Aventis Cropscience, N.V.</u>, 214 F.R.D. 545, 546 (E.D. Mo. 2002).

    To establish work product immunity, the party asserting immunity must show that: "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipating of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."  <u>Johnson v. Gmeinder</u>, 191 F.R.D. 638, 643 (D. Kan. 2000).  Here, there is no dispute that the materials sought to be protected are documents that were prepared in anticipation of litigation or for trial and they were prepared for a party to the litigation.  Thus, the only question is whether BHP waived the work product protection by submitting the factual data to its expert witnesses.

---

[1] In its brief, BHP stated that the documents requested were protected by the attorney-client privilege and attorney work product doctrine.  <u>See</u> Brief in Resp. to Plaintiffs' Mot. to Compel at 1, 3.  Because BHP did not address the issue or support its attorney-client privilege argument with citation to relevant facts or authority, the court will analyze BHP's argument under the attorney work product doctrine only.

The 1993 amendments to Rule 26 make it clear that documents and information disclosed to a testifying expert in connection with his or her testimony are discoverable, whether or not the expert relies on the documents in preparing his or her report. In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001) (applying 8th Circuit law). Rule 26(a)(2) requires that the testifying expert's report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information <u>considered</u> by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

> The accompanying Advisory Committee Note states that "[t]he report is to disclose the data and other information considered by the expert . . . . Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."

Pioneer Hi-Bred, 238 F.3d at 1375 (quoting Fed. R. Civ. P. 26 advisory committee's note). The revised rule is based on the assumption that fundamental fairness requires disclosure of all information given to the testifying expert in connection with his or her testimony. Id. Because any disclosure to a testifying expert in connection with the expert's testimony assumes that privileged or protected material will be made public, there is a waiver to the same extent as with any other disclosure. Id. (citing United States v. Cote, 456 F.2d 142, 144-45 (8th Cir. 1972)). Thus, the

requirements of Rule 26(a)(2) "trump" any assertion of work product or privilege. Karn v. Ingersoll-Rand Co., 168 F.R.D. 633, 639 (N.D. Ind. 1996). The attorney-client privilege and any work product protection are waived by disclosure of confidential communications to expert witnesses. Pioneer Hi-Bred, 238 F.3d at 1375.

    Based on the plain language of Rule 26 and the Advisory Committee Note to the 1993 amendments, courts that have analyzed this issue have adopted a broad definition of the phrase "information considered by the witness" as used in Fed. R. Civ. P. 26(a)(2)(B). See, e.g., TV-3, Inc. v. Royal Ins. Co. of America, 193 F.R.D. 490, 491-92 (S.D. Miss. 2001) (finding that the word "considered" includes all communications reviewed by the experts in formulating their opinions, but ultimately rejected or not relied upon); Karn, 168 F.R.D. at 635 (mandating disclosure of purported work product where experts "reviewed" documents, which was synonymous with the word "considered" for purposes of Rule 26(a)(2)(B)). In Johnson, the court found that an expert had considered purported work product evidence, despite his testimony that he did not consider the materials, because he admitted that he had read the report and viewed a video and still photographs provided to him by counsel. 191 F.R.D. at 648-49.

    BHP contends that it is not using the weather station data in this case and that its experts did not consider the information in preparing their

5

reports.  Three of its experts, however, identify the weather station data in their reports as material that they reviewed.  A fourth expert testified that she saw the data before forming her opinion.  When asked whether she had reviewed the data from the weather station located between structures S-15 and S-16, BHP expert Margaret A. Sand stated, "I saw that data."  Sand Dep. at 78.  Thus, four of BHP's experts "considered" the weather station data for purposes of Fed. R. Civ. P. 26(b).  See Johnson, 191 F.R.D. at 649.  Because BHP's experts considered the weather station data, the court finds that plaintiffs have met their burden of establishing that BHP waived its work product protection as to the data collected from the weather station between structures S-15 and S-16.

BHP contends that plaintiffs are only entitled to the weather station data upon a showing of exceptional circumstance.  As support for this argument, BHP quoted at length from Cox v. Piper, Jaffray & Hopwood, Inc., 848 F.2d 842, 845 (8th Cir. 1988).  The issue in Cox, however, was the scope of discovery permitted under Rule 26 from a non-testifying retained expert.  The issue here is the scope of discovery regarding a testifying expert.  Thus, the exceptional circumstances requirement does not apply.  The court further notes that the passages from which BHP quoted are in the dissent.  Thus, it is not binding authority on this court even if it had addressed the issues relevant to the court in deciding this motion.

Accordingly, it is hereby

ORDERED that plaintiffs' motion to compel (Docket 294) is granted. BHP shall disclose to plaintiffs the weather station data by October 15, 2005.

Dated September 21, 2005.

                                        BY THE COURT:

                                        */s/ Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE